**No. 22-10216**

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**UNITED STATES OF AMERICA,**

PLAINTIFF-APPELLEE

*v.*

**JARVIS TOUSSAINT,**

DEFENDANT-APPELLANT

———————————————————————

On Appeal from the United States District Court
for the Northern District of California
No. 19-CR-00520-JSW-1
Honorable Jeffrey S. White, Senior District Judge

———————————————————————

## APPELLANT'S OPENING BRIEF

———————————————————————

DAVID L. ANNICCHIARICO
Law Office of David Annicchiarico
California State Bar Number 247544
584 Castro Street, Suite 654
San Francisco, California 94114
Telephone: (415) 948-5576
Email: WriteToDavidA@gmail.com
*Attorney for Appellant*
*Jarvis Toussaint*

1

# **TABLE OF CONTENTS**

ISSUES PRESENTED FOR REVIEW.................................................................7

    I.    Must the matter be remanded for resentencing because the district court incorrectly calculated the advisory guidelines range?.................................................................................................7

    II.    Must the matter be remanded because the district court failed to state any reasoning in support of supervised release conditions restricting the defendant's Fourth Amendment rights?..............................................................................................7

STATEMENT OF JURISDICTION ................................................................7

STATEMENT OF THE CASE .......................................................................8

    A.    Procedural Background.................................................................8

    B.    Factual Background .....................................................................9

SUMMARY OF ARGUMENT .......................................................................9

ARGUMENT.............................................................................................12

    I.    THE DISTRICT COURT'S MISCALCULATION OF THE GUIDELINES RANGE REQUIRES REMAND FOR RESENTENCING...................................12

    A.    Standard of Review....................................................................12

    B.    The Guidelines Calculation for the 18 U.S.C. § 922(g)(1) Offense Was Incorrect..............................................................13

    C.    The Guidelines Calculation for the Supervised Release Violation Was Also Incorrect..........................................................17

    D.    The Matter Must Be Remanded for Resentencing.........................18

    II.    REMAND IS REQUIRED BECAUSE THE COURT FAILED TO STATE ITS REASONS FOR THE SEARCH CONDITIONS IT IMPOSED AS TERMS OF TOUSSAINT'S SUPERVISED RELEASE..............................................20

3

A.    Standard of Review ..........................................................................20

B.    Background ........................................................................................21

C.    Remand Is Required Because Supervised Release Conditions That Infringe Particularly Significant Liberty Interests Require a Statement of Reasons. ..................................................................22

CONCLUSION ..............................................................................................26

BAIL STATUS ...............................................................................................27

STATEMENT OF RELATED CASES ............................................................27

CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32-1 ..................28

## TABLE OF AUTHORITIES

### CASES

*Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526 (9th Cir. 2011) ..........................19

*Maryland v. King*, 569 U.S. 435 (2013)...............................................................22

*Rosales-Mireles v. United States*, 138 S. Ct. 1897, 201 L. Ed. 2d 376 (2018)......19

*Samson v. California*, 547 U.S. 843 (2006) ......................................................22, 23

*United States v. Acosta-Chavez*, 727 F.3d 903 (9th Cir. 2013) ..........................19

*United States v. Campbell*, 937 F.3d 1254 (9th Cir. 2019) ..................................12

*United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) ..........................................19

*United States v. Cotterman*, 709 F.3d 952 (9th Cir. 2013) ..................................25

*United States v. Duenas*, 691 F.3d 1070 (9th Cir. 2012)......................................25

*United States v. Englehart*, 22 F.4th 1197 (10th Cir. 2022) ................................23

*United States v. Evans*, 883 F.3d 1154 (9th Cir. 2018) ........................................24

*United States v. Evans-Martinez*, 611 F.3d 635 (9th Cir. 2010)....................12, 20

*United States v. Grandberry*, 730 F.3d 968 (9th Cir. 2013) ................................22

*United States v. Hammons*, 558 F.3d 1100 (9th Cir. 2009)............................13, 26

*United States v. Henry*, 813 F.3d 681 (7th Cir.2016)...........................................23

*United States v. Lake*, 419 F.3d 111 (2d Cir. 2005) ................................................19

*United States v. Magdaleno*, 43 F.4th 1215 (9th Cir. 2022) .....................21, 23, 26

*United States v. Phillips*, 704 F.3d 754 (9th Cir. 2012)................................12, 20

*United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021)........................................19

*Wilson v. Layne*, 526 U.S. 603 (1999)..................................................................24

## STATUTES

18 U.S.C. § 3231 ........................................................................................................7

18 U.S.C. § 3583 ...........................................................................................11, 24, 26

18 U.S.C. § 922 ......................................................................................................8, 13

26 U.S.C. § 5845 ...............................................................................10, 14, 15, 16

28 U.S.C. § 1291 ......................................................................................................8

## SENTENCING GUIDELINES

U.S.S.G. § 2K2.1...............................................................................................*passim*

U.S.S.G. § 4A1.1 ...................................................................................................18

U.S.S.G. § 4B1.2 ...................................................................................................15

U.S.S.G. § 7B1.1 ...................................................................................................17

U.S.S.G. § 7B1.4 ................................................................................10, 17, 18

U.S.S.G., Ch. 5, Pt. A.........................................................................13, 17, 18

**No. 22-10216**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**UNITED STATES OF AMERICA,**

PLAINTIFF-APPELLEE

*v.*

**JARVIS TOUSSAINT,**

DEFENDANT-APPELLANT

_____

## ISSUES PRESENTED FOR REVIEW

I.  Must the matter be remanded for resentencing because the district court incorrectly calculated the advisory guidelines range?

II.  Must the matter be remanded because the district court failed to state any reasoning in support of supervised release conditions restricting the defendant's Fourth Amendment rights?

## STATEMENT OF JURISDICTION

The district court had original jurisdiction over this prosecution, alleging a violation of the laws of the United States, pursuant to 18 U.S.C. § 3231.  The present appeal is from a final order or judgment that disposes

7

of all parties' claims.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

### A.    Procedural Background

Toussaint was charged by superseding indictment with one count of being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1).  ER-54.  This act was also alleged to be a violation of the terms of his supervised release in case number 12-CR-407-JSW-1.  *See* ER-74.

On June 28, 2021, Toussaint pled guilty to the sole count and admitted the supervised release violation.  ER-35-36, 50.  On August 9, 2022, the district court sentenced him to a prison term of 36 months, to be followed by three years of supervised release.  ER-23.  For the supervised release violation, the court imposed a consecutive prison term of 12 months, with no supervised release to follow.  ER-26.  Toussaint filed a timely notice of appeal on September 1, 2022, *NOA*, from the amended judgment filed on August 19, 2022, ER-03.

**B.    Factual Background**

In the plea colloquy, Toussaint admitted that the police pulled over his vehicle and found a firearm under the seat.  ER-48.  The prosecutor averred that the government was prepared to prove the following facts if the case had been taken to trial.  On September 2, 2019, Toussaint knowingly possessed a Glock Model 22, S&W .40-caliber semiautomatic pistol, loaded with 15 rounds of ammunition.  ER-48.  The firearm and ammunition were manufactured outside of California and thus had traveled in interstate or foreign commerce.  ER-49.  And at the time of the possession, Toussaint knew he had previously been convicted of a felony offense punishable by a term of imprisonment exceeding one year.  ER-49.  Toussaint admitted that the prosecutor's recitation of these facts was substantially true.  ER-49.

## SUMMARY OF ARGUMENT

I.    The matter must be remanded for resentencing because the district court miscalculated the advisory sentencing range established by the United States Sentencing Commission Guidelines Manual ("the

9

guidelines") for both the current firearm offense and the violation of supervised release. As to the sentence for the current offense, the court mistakenly believed that Toussaint had a prior felony conviction for a "crime of violence" or a "controlled substance offense," or that the current offense involved a semiautomatic firearm that is "capable of accepting a large capacity magazine" or a firearm described in 26 U.S.C. § 5845(a). U.S.S.G. § 2K2.1(a)(4). None of these conditions applied. The court therefore sentenced Toussaint based on a misapprehension of the guidelines range and unknowingly imposed a prison term above the maximum.

As to the supervised release violation, the court overstated Toussaint's criminal history category. The guidelines for a supervised release violation employ the criminal history category as of the time of the original offense that resulted in the term of supervised release, not as of the time of the current offense. U.S.S.G. § 7B1.4. Toussaint's criminal history score was lower in 2012. The court therefore sentenced him based on an

incorrect guidelines range and imposed a sentence at the top of the correct range, instead of at the bottom of the range as it had intended.

These errors were not harmless because the court may have imposed a lesser sentence had it been aware of the lower guidelines ranges. Accordingly, the matter must be remanded for resentencing.

II.     The district court failed to state any reasons for supervised release conditions restricting Toussaint's Fourth Amendment rights. Ordinarily, an express statement of reasons is not required for conditions of supervised release, so long as the reasoning is apparent from the record. But for particularly significant liberty interests like the Fourth Amendment, the court must support such conditions with evidence in the record showing that they are necessary to accomplish a factor listed in 18 U.S.C. § 3583(d)(1) and involve no more deprivation of liberty than is reasonably necessary.  Remand is required for the court to either strike the conditions or provide an adequate statement of reasons.

11

## **ARGUMENT**

**I.** **THE DISTRICT COURT'S MISCALCULATION OF THE GUIDELINES RANGE REQUIRES REMAND FOR RESENTENCING.**

### **A.** **Standard of Review**

Because Toussaint didn't object to the miscalculation in the district court, the government may contend that review is limited to plain error. *See United States v. Phillips*, 704 F.3d 754, 767 (9th Cir. 2012). "'Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. If these three conditions are met, we may then exercise [our] discretion to grant relief if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.' [Citation.]" *United States v. Campbell*, 937 F.3d 1254, 1257 (9th Cir. 2019). However, because the correct guidelines range is a pure question of law, and the government is not prejudiced by the failure to raise the issue in the district court, this Court is "'not limited to this [plain error] standard of review . . . .' [Citation.]" *United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010) (reviewing *de novo* a question regarding interpretation of a sentencing guideline even though defendant didn't object).

12

The Court should therefore apply independent review. Under either standard, however, reversal is required because a district court commits plain error when it sentences the defendant based on a miscalculation of the guidelines. *See United States v. Hammons*, 558 F.3d 1100, 1105-06 (9th Cir. 2009).

**B.  The Guidelines Calculation for the 18 U.S.C. § 922(g)(1) Offense Was Incorrect.**

For the violation of 18 U.S.C. § 922(g)(1), the district court arrived at a guidelines range of 41 to 51 months by finding an offense level of 18 and a criminal history category of IV. ER-12; *see* U.S.S.G., Ch. 5, Pt. A. The criminal history category is correct, but the offense level is not. The court found a base offense level of 20 and deducted two points due to Toussaint's acceptance of responsibility. PSR, ¶ 19. However, the correct base offense level was 14, and subtracting two points yields an offense level of 12. The guidelines range should therefore have been 21 to 27 months. U.S.S.G., Ch. 5, Pt. A.

The base offense level for firearm offenses is set forth in U.S.S.G. § 2K2.1. That section provides for a base offense level of 20 if, as relevant

13

here, (1) the defendant had a prior felony conviction for a "crime of violence" or a "controlled substance offense;" or (2) the offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" or a firearm described in 26 U.S.C. § 5845(a), and the defendant was a person prohibited from possessing a firearm.  U.S.S.G. § 2K2.1(a)(4).[1] None of these conditions applies.

First, Toussaint has no prior felony convictions for a "crime of violence."  The guidelines define that phrase as:

---

[1]  The verbatim text of U.S.S.G. § 2K1.2(a)(4) is:

(4)  **20**, if—

(A) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense; or

(B) the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. § 5845(a); and (ii) defendant (I) was a prohibited person at the time the defendant committed the instant offense; (II) is convicted under 18 U.S.C. § 922(d); or (III) is convicted under 18 U.S.C. § 922(a)(6) or § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person[.]

14

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a); *see* U.S.S.G. § 2K2.1 cmt. 1. None of Toussaint's prior convictions qualifies under this definition. *See* Second Revised Presentence Investigation Report (PSR), ¶¶ 23-36. The same goes for "controlled substance offense[s]." The guidelines define that criterion as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b); *see* U.S.S.G. § 2K2.1 cmt. 1. None of Toussaint's prior offenses meets that definition. *See* PSR, ¶¶ 23-36.

Second, while Toussaint was prohibited from possessing a firearm, he doesn't qualify for 20 points under U.S.S.G. § 2K2.1(a)(4)(B) because there was no evidence that the offense involved a "semiautomatic firearm

15

that is capable of accepting a large capacity magazine" or a firearm described in 26 U.S.C. § 5845(a). A "'semiautomatic firearm that is capable of accepting a large capacity magazine' means a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm." U.S.S.G. § 2K2.1 cmt. 2. In the present case, there is no claim that the magazine attached to Toussaint's gun could accept more than 15 rounds, nor that such a magazine was in close proximity. The admitted facts were that Toussaint's firearm was loaded with 15 rounds. ER-48. The PSR states that the gun found under his seat had a 15-round capacity and contained 14 rounds. PSR, ¶ 6. There is no information in the PSR that any other magazine, large capacity or otherwise, was found in close proximity. Furthermore, nowhere was it alleged that a Glock Model 22 is one of the specific firearms described in 26 U.S.C. § 5845(a).

Instead, the correct base offense level is 14 because Toussaint was merely a person prohibited from possessing a firearm. U.S.S.G. § 2K2.1(a)(6). Subtracting two points for his acceptance of responsibility, and with his criminal history category of IV, the correct guidelines range was 21 to 27 months. U.S.S.G., Ch. 5, Pt. A.

### C. The Guidelines Calculation for the Supervised Release Violation Was Also Incorrect.

The guidelines range for a term of imprisonment following the revocation of supervised release is calculated based on the grade of the violation and the defendant's criminal history category. U.S.S.G. § 7B1.4. Here, it is undisputed that Toussaint's firearm possession was a Grade B violation. ER-12; *see* U.S.S.G. § 7B1.1(a). However, the court erred by treating Toussaint as if his criminal history category was IV for purposes of the supervised release violation, as it had been for the firearm possession crime. ER-12. The correct criminal history category was II, and the guidelines range should therefore have been six to 12 months, instead of the 12 to 18 months the court believed. *See* U.S.S.G. § 7B1.4; ER-12.

17

By the time of his current firearm offense, Toussaint's criminal history category was IV. But for a term of imprisonment imposed upon the revocation of supervised release, the criminal history category is determined as of the time of the *original* offense that resulted in the supervised release. U.S.S.G. § 7B1.4. By the time of the current firearm offense, Toussaint had accrued seven criminal history points, resulting in a category of IV. PSR, ¶¶ 23-39; *see* U.S.S.G., Ch. 5, Pt. A. However, this included three points for the 2012 offense that resulted in his term of supervised release, PSR, ¶ 36, as well as two points for committing the current firearm offense while on supervised release, PSR, ¶ 38. *See* U.S.S.G. § 4A1.1(d). Without these points, his criminal history scored only two points at the time he committed the 2012 offense, resulting in a criminal history category of II. U.S.S.G., Ch. 5, Pt. A. The correct guidelines range was six to 12 months. U.S.S.G. § 7B1.4.

**D. The Matter Must Be Remanded for Resentencing.**

A court commits procedural error at sentencing when it incorrectly calculates the defendant's guidelines range, and such error requires

remand for resentencing. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (incorrect guidelines calculation is reversible error); *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907-08, 201 L. Ed. 2d 376 (2018) (sentencing defendant under incorrect guidelines range ordinarily requires reversal under plain error standard); *United States v. Riccardi*, 989 F.3d 476, 481 (6th Cir. 2021) ("misinterpretation of a guideline can result in a procedurally unreasonable sentence") (citing *Rosalez-Mireles*); *see also Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 529 (9th Cir. 2011) (abuse of discretion by applying an incorrect legal standard requires reversal and remand for court to consider the matter under the correct standard).

Moreover, remand is required even though the 12-month sentence for the supervised release violation falls within the corrected guidelines range of six to 12 months. *See United States v. Acosta-Chavez*, 727 F.3d 903, 909-10 (9th Cir. 2013) (district court's statement that it would have imposed the same sentence no matter what the correct calculation didn't insulate the sentence from remand); *cf. United States v. Lake*, 419 F.3d 111, 114 (2d Cir. 2005) ("[T]he fact that a judge selects a sentence within a guideline range

19

that the judge thought he was required to apply does not necessarily mean that the same sentence would have been imposed had the judge understood the Guidelines as a whole to be advisory."). It is far from certain that the court would have imposed 12 months for the supervised release violation if it had known that this was the top of the guidelines range rather than the bottom.

This Court should therefore remand for a new sentencing hearing that takes into account the correct guidelines range.

II. **REMAND IS REQUIRED BECAUSE THE COURT FAILED TO STATE ITS REASONS FOR THE SEARCH CONDITIONS IT IMPOSED AS TERMS OF TOUSSAINT'S SUPERVISED RELEASE.**

A. **Standard of Review**

Toussaint didn't object to these conditions of supervised release in the district court. Ordinarily that would require the plain error standard of review. *Phillips*, 704 F.3d at 767. However, this claim should instead be reviewed *de novo* because it is a pure question of law on undisputed facts, and the government isn't prejudiced by the failure to raise the issue in the district court. *See Evans-Martinez*, 611 F.3d at 642. Yet remand is required

20

under either standard because a court plainly errs by failing to state its reasons for imposing a condition that implicates a particularly significant liberty interest like the Fourth Amendment. *See United States v. Magdaleno*, 43 F.4th 1215, 1221 (9th Cir. 2022).

### B.    Background

In addition to the "Mandatory Conditions of Supervision," ER-5, the court imposed condition number 7 of the "Standard Conditions of Supervision" adopted by the court, which requires: "You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view." ER-6.

The court also imposed condition number 4 of the "Special Conditions of Supervision," which requires:

> You must submit your person, residence, office, vehicle, or any property under your control, including any computers, cell phones, and other electronic devices, to a search. Such a search must be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of

a condition of release. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

ER-7.

The district court did not state its reasoning for imposing these conditions on Toussaint. It merely read the conditions into the record. *See* ER-23-25.

### C. Remand Is Required Because Supervised Release Conditions That Infringe Particularly Significant Liberty Interests Require a Statement of Reasons.

Warrantless searches of supervised releasees and their residences are not unconstitutional. *See Samson v. California*, 547 U.S. 843, 853 (2006). But restrictions nonetheless apply. "Even if a warrant is not required, a search is not beyond Fourth Amendment scrutiny; for it must be reasonable in its scope and manner of execution." *Maryland v. King*, 569 U.S. 435, 448 (2013). Some examples include that the officers must be aware that the releasee is subject to a search condition, *United States v. Grandberry*, 730 F.3d 968, 973 (9th Cir. 2013), that they must have probable cause to believe the releasee is a resident of the home to be searched, *id.*, and that a person can't be called

22

to come be searched in an inappropriate location nor many miles from home, *United States v. Henry,* 813 F.3d 681, 683-84 (7th Cir.2016). Such searches also may not be arbitrary, capricious, or harassing. *See Samson,* 547 U.S. at 856.

Moreover, despite that search conditions are generally lawful, they must be supported by a statement of reasons. "Ordinarily, a district court need not state at sentencing its reasons for imposing each condition of supervised release, so long as its reasoning is apparent from the record." *Magdaleno,* 43 F.4th at 1221. "There is an exception, however, for conditions that implicate a 'particularly significant liberty interest.' [Citation.]" *Id.*; *see also United States v. Englehart*, 22 F.4th 1197, 1207 (10th Cir. 2022) (mandatory conditions required by statute don't require individualized assessment, but court must provide reasoned basis for non-mandatory conditions). When a significant liberty interest is implicated, the court "'must follow additional procedures and make special findings.' [Citation.]" *Magdaleno,* 43 F.4th at 1221 (special findings required where condition interferes with First Amendment right of association); *Englehart*,

23

22 F.4th at 1207-08 (conditions implicating constitutional interest require "particularly meaningful and rigorous analysis"). The court must support its decision to impose such a condition with evidence in the record showing that the condition is necessary to accomplish a factor listed in 18 U.S.C. § 3583(d)(1) and involves no more deprivation of liberty than is reasonably necessary. *Magdaleno*, 43 F.4th at 1221; *see also United States v. Evans*, 883 F.3d 1154, 1160 (9th Cir. 2018) (court must provide explanation sufficient to permit meaningful appellate review).

Here, the two search conditions at issue were not statutorily mandated, and there is no question that the Fourth Amendment represents a particularly significant liberty interest. Indeed, the conditions require Toussaint to let a probation officer into his home to observe him and his belongings at any time, day or night. They also allow a complete search of, among other things, his home and all of his electronic devices upon reasonable suspicion. One's home ordinarily receives the utmost Fourth Amendment protection. *Wilson v. Layne*, 526 U.S. 603, 610 (1999) ("the 'overriding respect for the sanctity of the home . . . has been embedded in

24

our traditions since the origins of the Republic' . . . . [Citation.]"); *United States v. Duenas*, 691 F.3d 1070, 1080 (9th Cir. 2012) (Fourth Amendment jurisprudence treats the home as "sacrosanct").

Moreover, the Supreme Court and this Court have recognized that electronic devices require special protection because they "are capable of storing warehouses full of information." *United States v. Cotterman*, 709 F.3d 952, 964 (9th Cir. 2013). Cell phones "could just as easily be called cameras, video players, rolodexes, calendars, tape recorders, libraries, diaries, albums, televisions, maps, or newspapers." *Riley v. California*, 573 U.S. 373, 393 (2014). Digital devices "collect[] in one place many distinct types of information -- an address, a note, a prescription, a bank statement, a video -- that reveal much more in combination than any isolated record." *Id*. at 394. "The sum of an individual's private life can be reconstructed through a thousand photographs labeled with dates, locations, and descriptions . . . ." *Id*. (Fourth Amendment prohibited warrantless search of arrestee's cell phone).

25

Accordingly, Toussaint's search conditions infringe particularly significant liberty interests. By providing no statement of reasons whatsoever for imposing these terms of supervised release, the district court violated this Court's jurisprudence requiring courts to support such conditions with evidence in the record showing they are necessary to accomplish a factor listed in 18 U.S.C. § 3583(d)(1) and involve no more deprivation of liberty than is reasonably necessary. *Magdaleno*, 43 F.4th at 1221. The matter must be remanded for the district court to provide reasoning for its decision or strike the conditions. *See Hammons*, 558 F.3d at 1104-06 (district court plainly erred by failing to state reasons for the sentence, requiring remand).

## CONCLUSION

For the foregoing reasons, Toussaint respectfully requests that his case be remanded for the district court to resentence him using the correct guidelines range, and to strike the Fourth Amendment restrictions or support them with an adequate statement of reasons.

Dated: February 10, 2023    Respectfully submitted,

s/  *David L. Annicchiarico*

_____
DAVID L. ANNICCHIARICO
Counsel for Appellant

## BAIL STATUS

Appellant is not on bail pending appeal.  He is in the custody of the Federal Bureau of Prisons, with a projected release date of June 4, 2025.

## STATEMENT OF RELATED CASES

To the best of my knowledge, there are no related cases pending in the Ninth Circuit, within the meaning of Circuit Rule 28-2.6.

## <u>CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 32-1</u>

Under Rule 32 of the Federal Rules of Appellate Procedure and Circuit Rule 32-1, I hereby certify that the above brief uses a 14-point, proportionately spaced type, that the text is double-spaced, and that the footnotes are single-spaced.  I further certify that, according to the word count feature of Microsoft Word for Mac, the total word count is 3,570 words, excluding the parts of the brief exempted by Rule 32(f).

Dated: February 10, 2023          s/  *David L. Annicchiarico*

                                                      _____

                                                      DAVID L. ANNICCHIARICO
                                                      Counsel for Appellant